# Exhibit A

**COMMONWEALTH OF MASSACHUSETTS**

**NORFOLK COUNTY** **SUPERIOR COURT**

| | |
|---|---|
| **OSCAR CASTANEDA,**<br>**Plaintiff**<br><br>**v.**<br><br>**PARTS DISTRIBUTION XPRESS INC., PDX NORTH, INC., PDX WEST, LLC, FRANKEL LOGISTICS, LLC d/b/a SIR LANCELLOT COURIER AND DELIVERY SERVICES COMPANY, SIR LANCELLOT COURIER AND DELIVERY SERVICES COMPANY, JOHN DOE CORPORATION, CARLOS ROMAN COLON, and**<br>**Defendants** | **CIVIL ACTION NO.:**<br>2382CV00927 |

## COMPLAINT
## PARTIES

1. The Plaintiff, Oscar Castaneda, is a resident of the City of Providence, County of Providence, in the State of Rhode Island.

2. The Defendant, Parts Distribution Xpress Inc., upon information and belief, is a foreign for profit corporation organized and existing under the laws of the State of Pennsylvania which, at all times material hereto, had a principal office in the City of Essington, in the County of Delaware, in the State of Pennsylvania, and conducted business in the Commonwealth of Massachusetts, including in the County of Norfolk at or near 12 Forge Parkway, Franklin, Massachusetts.

3. The Defendant, PDX North, Inc., upon information and belief, is a foreign for profit corporation organized and existing under the laws of the State of Pennsylvania which, at all times material hereto, had a principal office in the City of Lester, in the County of Delaware, in the State of Pennsylvania, and conducted business in the Commonwealth of Massachusetts, including in the County of Norfolk at or near 12 Forge Parkway, Franklin, Massachusetts.

4. The Defendant, PDX West, LLC, upon information and belief, is a foreign for profit corporation organized and existing under the laws of the State of Pennsylvania which, at all times material hereto, had a principal office in the City of Lester, in the County of Delaware, in the State of Pennsylvania, and conducted business in the Commonwealth of Massachusetts, including in the County of Norfolk at or near 12 Forge Parkway, Franklin, Massachusetts.

5. The Defendant, Frankel Logistics, LLC d/b/a Sir Lancellot Courier and Delivery Services Co., upon information and belief, is a foreign for profit corporation organized and existing under the laws of the State of Pennsylvania which, at all times material hereto, had a principal office in the City of Lester, in the County of Delaware, in the State of Pennsylvania, and conducted business in the Commonwealth of Massachusetts, including in the County of Norfolk at or near 12 Forge Parkway, Franklin, Massachusetts.

6. The Defendant, Sir Lancellot Courier and Delivery Services Co., upon information and belief, is a foreign for profit corporation organized and existing under the laws of the State of Pennsylvania which, at all times material hereto, had a principal office in the City of Lester, in the County of Delaware, in the State of Pennsylvania, and conducted business in the Commonwealth of Massachusetts, including in the County of Norfolk at or near 12 Forge Parkway, Franklin, Massachusetts.

7. Defendant, John Doe Corporation, upon information and belief, is a yet unknown company which conducted business in the Commonwealth of Massachusetts, including in the County of Norfolk at or near 12 Forge Parkway, Franklin, Massachusetts.

8. The Defendant, Carlos Roman Colon, a/k/a Carlos Roman, upon information and belief, is a resident of the City of Fall River, County of Bristol, in the Commonwealth of Massachusetts.

**COUNT I – NEGLIGENCE:**
**CARLOS ROMAN COLON**

9. Plaintiff re-alleges and incorporates the allegations set forth in all proceeding paragraphs as though fully set forth herein.

10. On or about October 20, 2020, the Defendant, Carlos Roman Colon, a/k/a Carlos Roman, was lawfully upon the premises located at or near 12 Forge Parkway, Franklin, Massachusetts (hereinafter 'the Premises').

11. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was working and/or performing his job duties at or near the Premises.

12. The Defendant, Carlos Roman Colon, was an employee and/or subcontractor of Parts Distribution Xpress Inc.

13. The Defendant, Carlos Roman Colon, was an employee and/or subcontractor of the Defendant, PDX North, Inc.

14. The Defendant, Carlos Roman Colon, was an employee and/or subcontractor of the Defendant, PDX West, LLC.

15. The Defendant, Carlos Roman Colon, was an employee and/or subcontractor of the Defendant, Frankel Logistics, LLC d/b/a Sir Lancellot Courier and Delivery Services Co.

16. The Defendant, Carlos Roman Colon, was an employee and/or subcontractor of the Defendant, Sir Lancellot Courier and Delivery Services Co.

17. The Defendant, Carlos Roman Colon, was an employee and/or subcontractor of the Defendant, John Doe Corporation.

18. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was loading and/or securing a commercial truck with inventory, including tires and auto parts, while on the Premises.

19. On or about October 20, 2020, the Plaintiff, Oscar Castaneda, was working and/or performing his job duties at or near the Premises.

20. The Plaintiff, Oscar Castaneda, was an employee of Dealer Tire, LLC.

21. On or about October 20, 2020, the Plaintiff, Oscar Castaneda, was loading and/or securing a commercial truck with inventory, including tires and auto parts, while on the Premises.

22. The Defendant, Carlos Roman Colon, had a duty to act with due care for all persons who came upon said the Premises and all persons who came into his area of work.

23. The Defendant, Carlos Roman Colon, had a duty to exercise reasonable care to keep the Premises and his area of work free from defects, foreign substances, and hazardous conditions, and to warn others reasonably expected to on the Premises of the same.

24. The Defendant, Carlos Roman Colon, had a duty to exercise reasonable care to protect the Plaintiff, by inspection, warning, and other affirmative acts, from injuries resulting from dangerous and unsafe actions and/or inactions.

25. The Defendant, Carlos Roman Colon, had a duty to exercise reasonable care to ensure the safety of the Plaintiff on, in, or around the loading dock and/or truck, and to take reasonable measures to ensure the safety of the Plaintiff and others.

26. Regardless of the Defendant, Carlos Roman Colon's, duty, he negligently caused the Premises to exist in an unsafe and unsuitable condition, and unfit for persons to be thereon.

27. The Defendant, Carlos Roman Colon, did negligently and carelessly breach all of the aforesaid duties by, among other actions or inactions, causing or allowing a loading dock door / gate / screen at or near the Premises to impact the body of the Plaintiff, Oscar Castaneda.

28. The Defendant, Carlos Roman Colon's, actions and/or inactions were in violation of the Federal Motor Carrier Safety Regulations.

29. The Defendant, Carlos Roman Colon's, actions and/or inactions were in violation of the Occupational Safety and Health Administration Regulations.

30. As a direct and proximate result of said negligence of the Defendant, the Plaintiff sustained serious injuries to his body—especially to his left shoulder—suffer great physical, mental and emotional pain; he was prevented from carrying out the duties of his occupation; had loss of wages / earnings; loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance; has suffered permanent impairment; has suffered permanent scarring; and said Plaintiff was and otherwise is injured.

**WHEREFORE**, the Plaintiff, Oscar Castaneda, demands judgment against the Defendant, Carlos Roman Colon a/k/a Carlos Roman, in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

**COUNT II – NEGLIGENCE:**
**Parts Distribution Xpress Inc.**

31. Plaintiff re-alleges and incorporates the allegations set forth in all proceeding paragraphs as though fully set forth herein.

32. On or about October 20, 2020, the Defendant, Parts Distribution Xpress Inc., was engaged in the tire and auto parts delivery industry.

33. On or about October 20, 2020, the Defendant, Parts Distribution Xpress Inc., was engaged in the brokerage business within the tire and auto parts delivery industry.

34. On or about October 20, 2020, the Defendant, Parts Distribution Xpress Inc., was engaged in the tire and auto parts delivery industry, including in loading and/or securing freight in commercial motor vehicles.

35. On or about October 20, 2020, the Defendant, Parts Distribution Xpress Inc., was engaged in the tire and auto parts delivery industry, including in operating commercial motor vehicles.

36. On or prior to October 20, 2020, the Defendant, Parts Distribution Xpress Inc., by and through its employees, agents, and/or servants, had contracted with PDX North, Inc., PDX West, LLC, Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon concerning work to be performed on the Premises on or about October 20, 2020.

37. On or about October 20, 2020, the Defendant, Parts Distribution Xpress Inc., by and

through its employees, agents, and/or servants, was conducting business at or near the Premises.

38. The Defendant, Carlos Roman Colon, was an employee of Defendant, Parts Distribution Xpress Inc.

39. The Defendant, Carlos Roman Colon, was a subcontractor of Defendant, Parts Distribution Xpress Inc.

40. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was working and/or performing his job duties at or near the Premises.

41. The Defendant, Carlos Roman Colon, was acting within the scope of his employment and/or subcontracting duties with Defendant, Parts Distribution Xpress Inc., at the time of the incident involving the Plaintiff, Oscar Castaneda.

42. The Defendant, Parts Distribution Xpress Inc., is liable to the Plaintiff for the negligent actions and/or inactions of the Defendant, Carlos Roman Colon, as afore pled under theories of agency and/or respondeat superior.

43. In addition, it was the duty of the Defendant, Parts Distribution Xpress Inc., to exercise due care in the background investigation, hiring, training, supervision, assignment, and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Carlos Roman Colon, as an employee and/or subcontractor prior to the incident of October 20, 2020 as afore described.

44. In addition, it was the duty of the Defendant, Parts Distribution Xpress Inc., to exercise due care in the background investigation, hiring, assignment, and retention of third parties, including but not limited to PDX North, Inc., PDX West, LLC, Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon, but regardless of the Defendant's duty, it negligently investigated, hired, assigned, and/or retained third parties prior to the incident of October 20, 2020 as afore described.

45. As a direct and proximate result of said negligence of the Defendant, the Plaintiff sustained serious injuries to his body—especially to his left shoulder—suffer great physical, mental and emotional pain; he was prevented from carrying out the duties of his occupation; had loss of wages / earnings; loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance; has suffered permanent impairment; has suffered permanent scarring; and said Plaintiff was and otherwise is injured.

**WHEREFORE**, the Plaintiff, Oscar Castaneda, demands judgment against the Defendant, Parts Distribution Xpress Inc., in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

**COUNT III – NEGLIGENCE:**
**PDX North, Inc.**

46. Plaintiff re-alleges and incorporates the allegations set forth in all proceeding paragraphs as though fully set forth herein.

47. On or about October 20, 2020, the Defendant, PDX North, Inc., was engaged in the tire and auto parts delivery industry.

48. On or about October 20, 2020, the Defendant, PDX North, Inc., was engaged in the brokerage business within the tire and auto parts delivery industry.

49. On or about October 20, 2020, the Defendant, PDX North, Inc., was engaged in the tire and auto parts delivery industry, including in loading and/or securing freight in commercial motor vehicles.

50. On or about October 20, 2020, the Defendant, PDX North, Inc., was engaged in the tire and auto parts delivery industry, including in operating commercial motor vehicles.

51. On or prior to October 20, 2020, the Defendant, PDX North, Inc., by and through its employees, agents, and/or servants, had contracted with Parts Distribution Xpress Inc., PDX West, LLC, Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon concerning work to be performed on the Premises on or about October 20, 2020.

52. On or about October 20, 2020, the Defendant, PDX North, Inc., by and through its employees, agents, and/or servants, was conducting business at or near the Premises.

53. The Defendant, Carlos Roman Colon, was an employee of Defendant, PDX North, Inc.

54. The Defendant, Carlos Roman Colon, was a subcontractor of Defendant, PDX North, Inc.

55. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was working and/or performing his job duties at or near the Premises.

56. The Defendant, Carlos Roman Colon, was acting within the scope of his employment and/or subcontracting duties with Defendant, PDX North, Inc., at the time of the incident involving the Plaintiff, Oscar Castaneda.

57. The Defendant, PDX North, Inc., is liable to the Plaintiff for the negligent actions and/or inactions of the Defendant, Carlos Roman Colon, as afore pled under theories of agency and/or respondeat superior.

58. In addition, it was the duty of the Defendant, PDX North, Inc., to exercise due care in

the background investigation, hiring, training, supervision, assignment, and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Carlos Roman Colon, as an employee and/or subcontractor prior to the incident of October 20, 2020 as afore described.

59. In addition, it was the duty of the Defendant, PDX North, Inc., to exercise due care in the background investigation, hiring, assignment, and retention of third parties, including but not limited to Parts Distribution Xpress Inc., PDX West, LLC, Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon, but regardless of the Defendant's duty, it negligently investigated, hired, assigned, and/or retained third parties prior to the incident of October 20, 2020 as afore described.

60. As a direct and proximate result of said negligence of the Defendant, the Plaintiff sustained serious injuries to his body—especially to his left shoulder—suffer great physical, mental and emotional pain; he was prevented from carrying out the duties of his occupation; had loss of wages / earnings; loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance; has suffered permanent impairment; has suffered permanent scarring; and said Plaintiff was and otherwise is injured.

**WHEREFORE**, the Plaintiff, Oscar Castaneda, demands judgment against the Defendant, PDX North, Inc., in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

## COUNT IV – NEGLIGENCE: PDX WEST, LLC

61. Plaintiff re-alleges and incorporates the allegations set forth in all proceeding paragraphs as though fully set forth herein.

62. On or about October 20, 2020, the Defendant, PDX West, LLC, was engaged in the tire and auto parts delivery industry.

63. On or about October 20, 2020, the Defendant, PDX West, LLC, was engaged in the brokerage business within the tire and auto parts delivery industry.

64. On or about October 20, 2020, the Defendant, PDX West, LLC, was engaged in the tire and auto parts delivery industry, including in loading and/or securing freight in commercial motor vehicles.

65. On or about October 20, 2020, the Defendant, PDX West, LLC, was engaged in the tire and auto parts delivery industry, including in operating commercial motor vehicles.

66. On or prior to October 20, 2020, the Defendant, PDX West, LLC, by and through its

employees, agents, and/or servants, had contracted with Parts Distribution Xpress Inc., PDX North, Inc., Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon concerning work to be performed on the Premises on or about October 20, 2020.

67. On or about October 20, 2020, the Defendant, PDX West, LLC, by and through its employees, agents, and/or servants, was conducting business at or near the Premises.

68. The Defendant, Carlos Roman Colon, was an employee of Defendant, PDX West, LLC

69. The Defendant, Carlos Roman Colon, was a subcontractor of Defendant, PDX West, LLC.

70. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was working and/or performing his job duties at or near the Premises.

71. The Defendant, Carlos Roman Colon, was acting within the scope of his employment and/or subcontracting duties with Defendant, PDX West, LLC, at the time of the incident involving the Plaintiff, Oscar Castaneda.

72. The Defendant, PDX West, LLC, is liable to the Plaintiff for the negligent actions and/or inactions of the Defendant, Carlos Roman Colon, as afore pled under theories of agency and/or respondeat superior.

73. In addition, it was the duty of the Defendant, PDX West, LLC, to exercise due care in the background investigation, hiring, training, supervision, assignment, and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Carlos Roman Colon, as an employee and/or subcontractor prior to the incident of October 20, 2020 as afore described.

74. In addition, it was the duty of the Defendant, PDX West, LLC, to exercise due care in the background investigation, hiring, assignment, and retention of third parties, including but not limited to Parts Distribution Xpress Inc., PDX North, Inc., Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon, but regardless of the Defendant's duty, it negligently investigated, hired, assigned, and/or retained third parties prior to the incident of October 20, 2020 as afore described.

75. As a direct and proximate result of said negligence of the Defendant, the Plaintiff sustained serious injuries to his body—especially to his left shoulder—suffer great physical, mental and emotional pain; he was prevented from carrying out the duties of his occupation; had loss of wages / earnings; loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance; has suffered permanent impairment; has suffered permanent scarring; and said Plaintiff was and otherwise is injured.

**WHEREFORE**, the Plaintiff, Oscar Castaneda, demands judgment against the Defendant, PDX West, LLC, in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

**COUNT V – NEGLIGENCE:**
**FRANKEL LOGISTICS, LLC d/b/a SIR LANCELLOT COURIER AND DELIVERY SERVICES CO.**

76. Plaintiff re-alleges and incorporates the allegations set forth in all proceeding paragraphs as though fully set forth herein.

77. On or about October 20, 2020, the Defendant, Frankel Logistics, LLC was engaged in the tire and auto parts delivery industry.

78. On or about October 20, 2020, the Defendant, Frankel Logistics, LLC was engaged in the brokerage business within the tire and auto parts delivery industry.

79. On or about October 20, 2020, the Defendant, Frankel Logistics, LLC was engaged in the tire and auto parts delivery industry, including in loading and/or securing freight in commercial motor vehicles.

80. On or about October 20, 2020, the Defendant, Frankel Logistics, LLC was engaged in the tire and auto parts delivery industry, including in operating commercial motor vehicles.

81. On or prior to October 20, 2020, the Defendant, Frankel Logistics, LLC, by and through its employees, agents, and/or servants, had contracted with Parts Distribution Xpress Inc., PDX North, Inc., PDX West, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon concerning work to be performed on the Premises on or about October 20, 2020.

82. On or about October 20, 2020, the Defendant, Frankel Logistics, LLC, by and through its employees, agents, and/or servants, was conducting business at or near the Premises.

83. The Defendant, Carlos Roman Colon, was an employee of Defendant, Frankel Logistics, LLC.

84. The Defendant, Carlos Roman Colon, was a subcontractor of Defendant, Frankel Logistics, LLC.

85. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was working and/or performing his job duties at or near the Premises.

86. The Defendant, Carlos Roman Colon, was acting within the scope of his employment and/or subcontracting duties with Defendant, Frankel Logistics, LLC, at the time of the

incident involving the Plaintiff, Oscar Castaneda.

87. The Defendant, Frankel Logistics, LLC is liable to the Plaintiff for the negligent actions and/or inactions of the Defendant, Carlos Roman Colon, as afore pled under theories of agency and/or respondeat superior.

88. In addition, it was the duty of the Defendant, Frankel Logistics, LLC, to exercise due care in the background investigation, hiring, training, supervision, assignment, and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Carlos Roman Colon, as an employee and/or subcontractor prior to the incident of October 20, 2020 as afore described.

89. In addition, it was the duty of the Defendant, Frankel Logistics, LLC, to exercise due care in the background investigation, hiring, assignment, and retention of third parties, including but not limited to Parts Distribution Xpress Inc., PDX North, Inc., PDX West, LLC, Sir Lancellot Courier and Delivery Services Co., John Doe Corporation, and/or Carlos Roman Colon, but regardless of the Defendant's duty, it negligently investigated, hired, assigned, and/or retained third parties prior to the incident of October 20, 2020 as afore described.

90. As a direct and proximate result of said negligence of the Defendant, the Plaintiff sustained serious injuries to his body—especially to his left shoulder—suffer great physical, mental and emotional pain; he was prevented from carrying out the duties of his occupation; had loss of wages / earnings; loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance; has suffered permanent impairment; has suffered permanent scarring; and said Plaintiff was and otherwise is injured.

**WHEREFORE**, the Plaintiff, Oscar Castaneda, demands judgment against the Defendant, Frankel Logistics, LLC d/b/a Sir Lancellot Courier and Delivery Services Co., in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

**COUNT VI – NEGLIGENCE:**
**SIR LANCELLOT COURIER AND DELIVERY SERVICES CO.**

91. Plaintiff re-alleges and incorporates the allegations set forth in all proceeding paragraphs as though fully set forth herein.

92. On or about October 20, 2020, the Defendant, Sir Lancellot Courier and Delivery Services Co. was engaged in the tire and auto parts delivery industry.

93. On or about October 20, 2020, the Defendant, Sir Lancellot Courier and Delivery Services Co. was engaged in the brokerage business within the tire and auto parts delivery industry.

94. On or about October 20, 2020, the Defendant, Sir Lancellot Courier and Delivery Services Co. was engaged in the tire and auto parts delivery industry, including in loading and/or securing freight in commercial motor vehicles.

95. On or about October 20, 2020, the Defendant, Sir Lancellot Courier and Delivery Services Co. was engaged in the tire and auto parts delivery industry, including in operating commercial motor vehicles.

96. On or prior to October 20, 2020, the Defendant, Sir Lancellot Courier and Delivery Services Co. by and through its employees, agents, and/or servants, had contracted with Parts Distribution Xpress Inc., PDX North, Inc., PDX West, LLC, Frankel Logistics, LLC, John Doe Corporation, and/or Carlos Roman Colon concerning work to be performed on the Premises on or about October 20, 2020.

97. On or about October 20, 2020, the Defendant, Sir Lancellot Courier and Delivery Services Co., by and through its employees, agents, and/or servants, was conducting business at or near the Premises.

98. The Defendant, Carlos Roman Colon, was an employee of Defendant, Sir Lancellot Courier and Delivery Services Co.

99. The Defendant, Carlos Roman Colon, was a subcontractor of Defendant, Sir Lancellot Courier and Delivery Services Co.

100. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was working and/or performing his job duties at or near the Premises.

101. The Defendant, Carlos Roman Colon, was acting within the scope of his employment and/or subcontracting duties with Defendant, Sir Lancellot Courier and Delivery Services Co., at the time of the incident involving the Plaintiff, Oscar Castaneda.

102. The Defendant, Sir Lancellot Courier and Delivery Services Co., is liable to the Plaintiff for the negligent actions and/or inactions of the Defendant, Carlos Roman Colon, as afore pled under theories of agency and/or respondeat superior.

103. In addition, it was the duty of the Defendant, Sir Lancellot Courier and Delivery Services Co., to exercise due care in the background investigation, hiring, training, supervision, assignment, and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Carlos Roman Colon, as an employee and/or subcontractor prior to the incident of October 20, 2020 as afore described.

104. In addition, it was the duty of the Defendant, Sir Lancellot Courier and Delivery Services Co., to exercise due care in the background investigation, hiring, assignment,

and retention of third parties, including but not limited to Parts Distribution Xpress Inc., PDX North, Inc., PDX West, LLC, Frankel Logistics, LLC, John Doe Corporation, and/or Carlos Roman Colon, but regardless of the Defendant's duty, it negligently investigated, hired, assigned, and/or retained third parties prior to the incident of October 20, 2020 as afore described.

105. As a direct and proximate result of said negligence of the Defendant, the Plaintiff sustained serious injuries to his body—especially to his left shoulder—suffer great physical, mental and emotional pain; he was prevented from carrying out the duties of his occupation; had loss of wages / earnings; loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance; has suffered permanent impairment; has suffered permanent scarring; and said Plaintiff was and otherwise is injured.

**WHEREFORE**, the Plaintiff, Oscar Castaneda, demands judgment against the Defendant, Sir Lancellot Courier and Delivery Services Co., in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

## COUNT VII – NEGLIGENCE: JOHN DOE CORPORATION

106. Plaintiff re-alleges and incorporates the allegations set forth in all proceeding paragraphs as though fully set forth herein.

107. On or about October 20, 2020, the Defendant, John Doe Corporation was engaged in the tire and auto parts delivery industry.

108. On or about October 20, 2020, the Defendant, John Doe Corporation was engaged in the brokerage business within the tire and auto parts delivery industry.

109. On or about October 20, 2020, the Defendant, John Doe Corporation was engaged in the tire and auto parts delivery industry, including in loading and/or securing freight in commercial motor vehicles.

110. On or about October 20, 2020, the Defendant, John Doe Corporation was engaged in the tire and auto parts delivery industry, including in operating commercial motor vehicles.

111. On or prior to October 20, 2020, the Defendant, John Doe Corporation by and through its employees, agents, and/or servants, had contracted with Parts Distribution Xpress Inc., PDX North, Inc., PDX West, LLC, Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., and/or Carlos Roman Colon concerning work to be performed on the Premises on or about October 20, 2020.

112. On or about October 20, 2020, the Defendant, John Doe Corporation by and through its employees, agents, and/or servants, was conducting business at or near the

Premises.

113. The Defendant, Carlos Roman Colon, was an employee of Defendant, John Doe Corporation.

114. The Defendant, Carlos Roman Colon, was a subcontractor of Defendant, John Doe Corporation.

115. On or about October 20, 2020, the Defendant, Carlos Roman Colon, was working and/or performing his job duties at or near the Premises.

116. The Defendant, Carlos Roman Colon, was acting within the scope of his employment and/or subcontracting duties with Defendant, John Doe Corporation, at the time of the incident involving the Plaintiff, Oscar Castaneda.

117. The Defendant, John Doe Corporation, is liable to the Plaintiff for the negligent actions and/or inactions of the Defendant, Carlos Roman Colon, as afore pled under theories of agency and/or respondeat superior.

118. In addition, it was the duty of the Defendant, John Doe Corporation, to exercise due care in the background investigation, hiring, training, supervision, assignment, and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Carlos Roman Colon, as an employee and/or subcontractor prior to the incident of October 20, 2020 as afore described.

119. In addition, it was the duty of the Defendant, John Doe Corporation, to exercise due care in the background investigation, hiring, assignment, and retention of third parties, including but not limited to Parts Distribution Xpress Inc., PDX North, Inc., PDX West, LLC, Frankel Logistics, LLC, Sir Lancellot Courier and Delivery Services Co., and/or Carlos Roman Colon, but regardless of the Defendant's duty, it negligently investigated, hired, assigned, and/or retained third parties prior to the incident of October 20, 2020 as afore described.

120. As a direct and proximate result of said negligence of the Defendant, the Plaintiff sustained serious injuries to his body—especially to his left shoulder—suffer great physical, mental and emotional pain; he was prevented from carrying out the duties of his occupation; had loss of wages / earnings; loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance; has suffered permanent impairment; has suffered permanent scarring; and said Plaintiff was and otherwise is injured.

**WHEREFORE**, the Plaintiff, Oscar Castaneda, demands judgment against the Defendant, John Doe Corporation, in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

Respectfully submitted,
Plaintiff, Oscar Castaneda,
By his Attorneys,


/s/ Timothy P. Lynch
Timothy P. Lynch, Esq. (#678771)
Marasco & Nesselbush, LLP
685 Westminster Street
Providence, RI 02903
Tel: (401) 274-7400
Fax: (401) 274-7404
E-Mail: tlynch@m-n-law.com


Dated: October 10, 2023

**A TRIAL BY JURY IS DEMANDED UPON ALL ISSUES**