UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

OSCAR CASTANEDA,

Plaintiff,

v.

PARTS DISTRIBUTION XPRESS, INC., PDX NORTH, INC., PDX WEST, LLC, FRANKEL LOGISTICS, LLC d/b/a SIR LANCELLOT COURIER AND DELIVERY SERVICES COMPANY, SIR LANCELLOT COURIER AND DELIVERY SERVICES COMPANY, JOHN DOE CORPORATION, CARLOS ROMAN COLON,

Defendants.

C.A. NO. 1:23-cv-13087

# DEFENDANT CARLOS ROMAN COLON'S ANSWER AND JURY CLAIM

NOW COMES Carlos Roman Colon (hereinafter "Defendant") and hereby responds to the separately numbered paragraphs of the Plaintiff's Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant, Carlos Roman Colon responds to the Plaintiff's allegations paragraph by paragraph as follows:

## PARTIES

1. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

2. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

3. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

4. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

5. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

6. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

7. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

8. Admitted.

## COUNT I – NEGLIGENCE

### Carlos Roman Colon

9. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 8 of the Plaintiff's Complaint.

10. Admitted.

11. Admitted.

12. Denied.

13. Defendant admits that he was an independent contractor for PDX North, Inc.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted.

19. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

20. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

21. The Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and call upon Plaintiff to prove the same.

22. The allegations in this paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, denied.

23. The allegations in this paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, denied.

24. The allegations in this paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, denied.

25. The allegations in this paragraph call for a legal conclusion and, therefore, no response is required. To the extent a response is required, denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**COUNT II – NEGLIGENCE**

**Parts Distribution Xpress, Inc.**

31. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 30 of the Plaintiff's Complaint

32. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

33. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

34. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

35. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

36. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

37. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

38. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

39. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

40. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

41. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

42. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

43. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

44. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

45. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

**COUNT III – NEGLIGENCE**

**PDX North, Inc.**

46. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 45 of the Plaintiff's Complaint.

47. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

48. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

49. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

50. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

51. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

52. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

53. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

54. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

55. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

56. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

57. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

58. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

59. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

60. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

## COUNT IV – NEGLIGENCE

## PDX West, LLC

61. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 60 of the Plaintiff's Complaint.

62. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

63. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

64. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

65. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

66. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

67. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

68. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

69. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

70. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

71. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

72. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

73. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

74. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

75. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

**COUNT V – NEGLIGENCE**

**Franklin Logistics, LLC d/b/a Sir Lancellot Courier and Delivery Services Co.**

76. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 75 of the Plaintiff's Complaint.

77. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

78. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

79. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

80. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

81. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

82. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

83. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

84. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

85. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

86. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

87. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

88. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

89. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

90. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

**COUNT VI – NEGLIGENCE**

**Sir Lancellot Courier and Delivery Services Co.**

91. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 90 of the Plaintiff's Complaint.

92. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

93. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

94. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

95. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

96. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

97. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

98. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

99. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

100. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

101. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

102. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

103. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

104. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

105. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

**COUNT VII – NEGLIGENCE**

**John Doe Corporation**

106. Defendant repeats and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 105 of the Plaintiff's Complaint.

107. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

108. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

109. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

110. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

111. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

112. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

113. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

114. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

115. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

116. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

117. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

118. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

119. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

120. This paragraph of Plaintiff's Complaint is not directed to the Answering Defendant and therefore no response required or given.

## THIRD AFFIRMATIVE DEFENSE

Defendant states Plaintiff was guilty of contributory negligence and the damages, if any, recovered by Plaintiff from Defendant should be reduced in proportion to the said negligence of the Plaintiff in accordance with M.G.L. c. 231, § 85.

## FOURTH AFFIRMATIVE DEFENSE

Defendant states that the negligence of Plaintiff was greater than the negligence of Defendant, and therefore Plaintiff is barred from recovery under M.G.L. c. 231, § 85.

## FIFTH AFFIRMATIVE DEFENSE

Defendant states Plaintiff, by his own conduct, and actions, has released any and all rights he may have had against Defendant, and therefore, Plaintiff cannot recover in this action.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(4) for insufficient process.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Defendant states that no act or omission by it, its employees or servants was a proximate cause of damages, if any, allegedly sustained by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Defendant states that if Plaintiff proves he was damaged as alleged, said damages were caused by the intervening and/or superseding acts of third persons for which Defendant is not liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant states if Plaintiff suffered damages, as alleged, such damages were caused by someone for whose conduct Defendant was not and is not legally responsible and, thus, Plaintiff cannot recover in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiff cannot recover against the Defendant because the condition on which the Plaintiff was allegedly injured was open and obvious.

**THIRTEENTH AFFIRMATIVE DEFENSE**

By way of defense, the Defendant states that the Plaintiff failed to mitigate his damages, and, therefore, the Plaintiff is barred from recovery.

**JURY DEMAND**

The Defendant, Carlos Roman Colon demands a trial by jury as to all issues to which it is entitled as a matter of right.

Respectfully submitted,

Defendant
Carlos Roman Colon

By His Attorneys,

/s/ *Sean F. McDonough*

Sean F. McDonough, BBO #564723
smcdonough@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590

## CERTIFICATE OF SERVICE

I, Sean F. McDonough, attorney for the Defendant, hereby certify that I have this day served the foregoing document to all counsel of record in this action by serving same via email, to:

Timothy P. Lynch, Esquire
Marasco & Nesselbush, LLP
685 Westminster Street
Providence, RI 02903
tlynch@m-n-law.com

Dated: January 29, 2024 Attorney: */s/ Sean F. McDonough*
Sean F. McDonough